**E-FILED**
Friday, 16 July, 2010  03:50:42 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

**TANAKA LEE BIRDO,**
                    **Plaintiff,**


              **vs.**                                                          **10-3129**


**ANDREW OTT, et al.,**
                    **Defendants.**

### MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff, Tanaka Lee Birdo's complaint filed pursuant to 42 U. S. C. Section 1983.  He names as defendants, Andrew Ott, Chief Administrator; Mr. Kettlekamp, Food Supervisor, Fran Kayira, doctor; Michael B. Rappe, grievance officer; Bourke, Dietary Director and Davis, deputy warden.   All the defendants are employed with the Illinois Department of Corrections. The court notes that since the filing of his complaint, the plaintiff has been released from incarceration.

### Standard

The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).[1]

Pleading particular legal theories or particular facts is not required to state a claim.  Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.).  The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

---

[1]Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

The merit review standard is the same as a motion to dismiss standard.  It is well established that *pro se* complaints are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972).  *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980).  They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff.  *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990).  Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff.  *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

**Allegations**

The plaintiff claims that while incarcerated at Graham Correctional Center, during the period August 11, 2009 until May 2010, he was served soy spiked hot dogs, sloppy joe, taco meat, chili, etc.  As a result, he claims he is having medical problems with his stomach and constant problems with passing gas.  He complained for several months; He ordered Rolaids from the commissary, but the Rolaids did not provide relief.  Whenever he ate the soy spike food, his stomach hurt for hours afterwards and he would suffer from diarrhea.  The plaintiff claims that Warden Ott turned a deaf ear to his complaints and Rappe, the grievance officer constantly denied his grievances on the issue.  The plaintiff claims that Dr. Kayira would not examine his stomach.  He would only provide simethicone 80 mg to the plaintiff.   This medication was not effective.  The plaintiff's request for a soy free diet was refused by Dr. Kayira.  The plaintiff  asked to speak to and wrote Deputy Warden Davis several times to no avail.  Dietary staff would  not provide a list of soy spike foods served at the prison.

**Conclusion**

In his complaint, the plaintiff advised the court that he had filed three other lawsuits while incarcerated.  Not true.  This plaintiff has been busy.  A review of the plaintiff's litigation history shows that he is a serial litigator.  He has filed 35 (thirty-five) civil actions in the United States District Court, in the Eastern and Western Districts of Kentucky; and four civil actions in the United States District Court, Southern District of Illinois and the instant case.  With his litigation history, more than likely the plaintiff is well aware that 28 U.S.C. § 1915(g) states that "in no event shall a prisoner bring a civil action . . . under this section . . . if the prisoner has . . . [three strikes] . . ., unless the prisoner is under imminent danger of serious physical injury."   The plaintiff's claims against the defendants do not meet the "imminent danger" exception in 28 U.S.C. § 1915(g).  That exception is reserved for "genuine emergencies" where "a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical

injury' . . ." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7ᵗʰ Cir. 2002).   In this case, the court finds the plaintiff was not in imminent danger at the time he filed this lawsuit.  The court reviewed the plaintiff's litigation history and finds that he has earned several strikes.  The court stopped counting at nine and will list only three in this order: (1) *Birdo v. Marion County Sheriff's Department et al.*, 10-cv-3129, dismissed by the Honorable J. Phil Gilbert, SDIL, for failure to state a claim on February 18, 2010; (2) *Birdo V. Lewis, et al.*, 96-cv-00066, dismissed by the Honorable Henry R. Wilhoit, Jr., EDKY, pursuant to 28 U.S.C. Section 1915(d)² on May 22, 1996; and (3) *Birdo v. O'Dea, et al.,* 95-cv-00143, dismissed by the Honorable Henry R. Wilhoit, Jr., EDKY, pursuant to 1915(d) on November 13, 1995.

According, it is ordered:

1.      The court finds that this plaintiff was not in imminent danger at the time he filed his lawsuit.  The court also finds the plaintiff has earned three strikes and cannot proceed in forma pauperis.  Pursuant to 28 U.S.C. § 1915(g) , the plaintiff's petition to proceed in forma pauperis status [2] is denied.  The plaintiff is allowed fourteen days to pay the filing fee of $350.00 in full.  If he fails to do so within the specific time, the clerk of the court is directed to terminated this lawsuit in its entirety.
2.      The clerk of the court is directed to add Tanaka Lee Birdo to the three strikes list and to note this case number on the list.
3.      The July 21, 2010, 9:30 a.m., merit review conference is cancelled pending resolution of the payment of the filing fee.

Enter this 16th day of July 2010.


                          **\s\Harold A. Baker**

                 _____
                              Harold A. Baker
                         United States District Judge


---

²Section 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 ("PRLA").  Section 1915(e)(2)(B) is the re-designation of the former Section 1915(d) under the PRLA which provides, in relevant part, that the court may dismiss the case at any time if the court determines that the action fails to state a claim or is frivolous or malicious.